IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEPHEN ALAN SHULL, | ) | CV. NO. 10-00556 BMK |
| | ) | CV. NO. 10-00670 BMK |
| Plaintiff, | ) | CV. NO. 10-00696 BMK |
| | ) | (CONSOLIDATED) |
| and | ) | |
| | ) | ORDER DENYING PLAINTIFFS' |
| LIBERTY MUTUAL INSURANCE | ) | MOTION FOR A NEW TRIAL, |
| CO., | ) | ALTERED OR AMENDED |
| | ) | JUDGMENT, OR ADDITIONAL |
| Plaintiff in Intervention, | ) | FINDINGS OF FACT AND |
| | ) | CONCLUSIONS OF LAW |
| SUNSHINE HELICOPTERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| UNITED STATES AVIATION | ) | |
| UNDERWRITERS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFFS' MOTION FOR A NEW TRIAL, ALTERED
OR AMENDED JUDGMENT, OR ADDITIONAL FINDINGS OF FACT AND
CONCLUSIONS OF LAW

Before the Court is Plaintiffs Sunshine Helicopters, Inc.

("Sunshine"), United States Aviation Underwriters, and Liberty Mutual Insurance Company's ("collectively, Plaintiffs") Motion For a New Trial, To Alter Or Amend Judgment, and For Amended Or Additional Findings of Fact and Conclusions of Law.  After careful consideration of the motion, the supporting and opposing memoranda, and the attached documentation, the Court DENIES Plaintiffs' motion.[1]

The background of this case is set out in the Court's April 26, 2012 Findings of Fact and Conclusions of Law.  In that order, the Court concluded that Defendant was not liable under the Federal Tort Claims Act ("FTCA") because: 1) the Federal Aviation Administration inspector, Donald Andera ("Andera"), did not lower the Fuel Control Lever ("FCL") in a negligent manner, and his handling of the FCL did not proximately cause the crash; and 2) Andera performed the simulated engine failure in a suitable location.

Following that opinion, Plaintiffs filed the instant motion, asserting that this Court erred because:  1) Andera was negligent when he moved the FCL to the "low end" position below sixty seven percent Ng and his negligence proximately caused the crash; 2) Sunshine was not negligent for failing to remove

---

[1]    Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

2

the fuel control unit ("FCU") after prior inadvertent engine shutdowns; and 3) the open pasture area was not a suitable landing spot in the event of an emergency.

Federal Rule of Civil Procedure ("FRCP") Rule 59(a) allows a trial court to grant a motion for a new trial.  "There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978).  FRCP Rule 52(b) allows the Court to amend its findings or make additional findings after entry of judgment.  "Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision; the Rule is not intended to serve as a vehicle for a rehearing." Davis v. Mathews, 450 F. Supp. 308, 318 (E.D. Cal. 1978).

Based on the foregoing standard, the Court denies Plaintiffs' motion because it relitigates the same issues presented at trial, and the Court did not manifestly err in reaching its decision.

First, Plaintiffs argue that Donald Hamill's ("Hamill") testimony indicates that Andera pulled the FCL too far aft and that Andera's movement of the FCL, "in concert with the miscalibrated FCU," caused the engine shutdown. Hamill never testified that Andera moved the FCL to a position below sixty seven percent Ng.  Although Hamill did not know if Andera moved the FCL too far aft,

3

he stated that a properly functioning FCU will not allow an engine shutdown when the FCL is outside the cutoff detent.  Hamill emphasized that 7 Echo Whiskey's engine was "in jeopardy all the time, especially right down at the bottom." Additionally, Andera and Shull were the only people who observed the FCL on the day of the crash.  Andera testified that he moved the FCL only slightly out of the flight gate, and Shull testified that he saw the FCL "out of the flight gate and just back a bit."  The Court is persuaded, based upon Andera and Shull's testimony and Hamill's opinion, that Andera did not move the FCL in a negligent manner and that his movement of the FCL did not cause the crash.

Second, Plaintiffs assert that Sunshine was not negligent for failing to investigate prior inadvertent engine failures because those shutdowns were not caused by the miscalibrated FCU.  Plaintiffs assert that Hamill's testimony supports this theory.  Specifically, Plaintiffs assert that Hamill testified that the miscalibrated FCU could only have caused an engine failure if Ng fell below sixty seven percent, and three of the prior engine failures occurred when Ng was above sixty seven percent.  As discussed above, Hamill did not testify that the miscalibrated FCU could only have caused an engine failure if Ng dropped below sixty seven percent.  Additionally, Hamill testified that the three prior shutdowns during the cool down of 7 Echo Whiskey were consistent with a miscalibrated

FCU.

Plaintiffs request that the Court grant a new trial and amend its findings based on the cause of a fourth prior engine failure. The Court declines to do so because there is insufficient evidence in the record regarding the cause of this shut down, and it is irrelevant based on the other three shutdowns. To the extent the Court relied on prior engine failures in its analysis, the other three engine failures are more important.

Third, Plaintiffs assert that the pasture land Andera observed was not suitable for an emergency landing at the time he initiated the simulated engine failure. Plaintiffs' argument relies on Andera's testimony that the open pasture land was no longer within reach by the time he realized the helicopter's engine failed.

Andera testified that after he announced simulated engine failure, Shull turned away from the pasture land. Andera asked Shull whether the engine had failed, and Shull responded that it had. Andera testified that he did not tell Shull to turn back towards the pasture land because by the time they realized the engine had actually failed, the pasture land may have been out of reach. This testimony does not indicate that the pasture land was not a suitable area for an emergency landing at the time Andera initiated the simulated engine failure.

Plaintiffs assert that "Andera was required to make sure that those open pastures could be used as a place to safely land the helicopter if the engine actually shut down during the simulated engine failure." Plaintiffs also assert that Andera was required to take control of the helicopter if he believed the pasture land was within reach.  Based on the evidence adduced at trial, the Court rejects Plaintiffs' argument that Andera was required to take control of the helicopter or somehow keep the helicopter near the open pasture area.

Based on the foregoing, Plaintiffs' Motion For a New Trial, To Alter Or Amend Judgment, and For Amended Or Additional Findings of Fact and Conclusions of Law is DENIED.

DATED:  Honolulu, Hawaii, June 29, 2012.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Stephen Alan Shull v. United States of America, Civ. Nos. 10-00556 BMK, 10-00696 BMK & 10-00670 BMK (CONSOLIDATED); ORDER DENYING PLAINTIFFS' MOTION FOR A NEW TRIAL, ALTERED OR AMENDED JUDGMENT, OR ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW